IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DERRICK RANARD BRADEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-2206-JDT-cgc |
| | ) | |
| ROBERT MOORE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. §§ 1915(a)(1)-(2)
OR PAY THE ENTIRE $400 CIVIL FILING FEE, DISMISSING COMPLAINT
AND CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH

On March 20, 2017, Plaintiff Derrick Ranard Braden, an inmate at the Northeast

Correctional Complex in Mountain City, Tennessee, filed a civil complaint pursuant to 42

U.S.C. § 1983. (ECF No. 1.) Plaintiff did not pay the $400 civil filing fee or submit an

application to proceed *in forma pauperis* and a certified copy of his inmate trust account for

the last six months, as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.

§§ 1915(a)-(b).

Under the PLRA, 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay

the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues

at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir.

1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th

Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of

a partial filing fee and pay the remainder in installments. *Id.* at 604. However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his trust account statement for the six months immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2).

As stated, Plaintiff has failed to pay the $400 filing fee or submit an *in forma pauperis* affidavit and trust account statement in accordance with the PLRA. Therefore, Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 filing fee or a properly completed and executed application to proceed *in forma pauperis* and a certified copy of his inmate trust account statement for the last six months.

If Plaintiff timely submits the necessary financial information and the Court finds he is indigent, the Court will grant leave to proceed *in forma pauperis* and assess the filing fee in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis* and assess the entire filing fee from his inmate trust account without regard to the installment procedures.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608,

612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

Plaintiff's complaint does not comply with the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)-(3). In this case, it cannot be discerned with any certainty who Plaintiff is suing and which specific claims are asserted against which defendants. Although Plaintiff has used the official § 1983 form complaint, he has included two different versions of page one of the form (ECF No. 1 at 1-2), six different versions of page two (*id.* at 3-8), and three different versions of page three (*id.* at 9-11). He has sued various individuals from the Shelby County Criminal Justice Complex; the Memphis Police Department; the Shelby County Sheriff's Office; the Bledsoe County Correctional Complex, in Wartburg, Tennessee; and the Whiteville Correctional Facility in Whiteville, Tennessee. (*Id.* at 3-8.)

The overall gist of Plaintiff's allegations is that the Defendants have, since 2004, "assisted and protected each other" in the commission of various criminal and fraudulent enterprises, including prostitution, kidnapping, various kinds of fraud, extortion, drug and food poisoning, home invasions and murder. (*Id.*) These actions have allegedly resulted in the cover-up of the deaths of various individuals including "Memphis mob boss 'King Fiskh [sic],'" "Galiliee Cemetary [sic] owner," Lorenzo Wright of the Memphis Grizzlies, bank embezzler Jerry Harris, "drug lord" Jack Chaffen, and "Kingpin drug dealer Hollywood Dre 'Tha [sic] Teflon Don.'" (*Id.*) These claims are "clearly baseless," "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Therefore the Court also finds that Plaintiff's claims in this case are factually frivolous, *see Huey v. Raymond*, 53 F. App'x 329, 330-31 (6th Cir. 2002), lacking an arguable basis in law and fact.

The Court therefore DISMISSES the complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted and pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and *Denton v. Hernandez* as frivolous and lacking an arguable basis in fact and law.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal

4

is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE